IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CTE INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:13-CV-04204-NKL |
| ) | |
| CLINT ZWEIFEL and BRUCE RING, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendants Clint Zweifel and Bruce Ring move to dismiss the Amended Complaint of Plaintiff CTE Investments, LLC ("CTE") for failure to state a claim. [Doc. # 15]. For the reasons set forth below, Defendants' motion is GRANTED and this case is DISMISSED, without prejudice.

**I.    Background**

This case arises from the denial of CTE's application for a loan under the Missouri Linked Deposit Program, which authorizes the State Treasurer, Clint Zweifel, to invest funds in eligible lending institutions to provide low-interest loans to eligible borrowers. To receive such a loan, a borrower must first submit an application for approval to the Director of Investments, Bruce Ring. CTE is a one-hundred percent female-owned Missouri company engaged primarily in the wholesale and retail sale of mobile homes. CTE also owns a parcel of land known as Eagle Estates, which functions as both a residential mobile home community and a sales lot for mobile homes.

1

In September of 2012, the Bank of Bloomsdale, an eligible lender, preapproved CTE for a loan under the Linked Deposit Program and submitted CTE's application for approval to the State Treasurer's Office. Ring initially denied the application on the ground that the proposed venture to be financed by the loan did not qualify for the program. A representative from the Bank of Bloomsdale then contacted Ring to discuss resubmitting CTE's application. At this time, Ring stated his belief that CTE is not an eligible borrower because CTE is a real estate holding company and that, as a result, any future applications by CTE would be denied. CTE claims that Ring's decision to deny its application was incorrect, arbitrary, and capricious. CTE maintains that it is not a real estate holding company and that it meets all of the requirements for participation in the Linked Deposit Program.

CTE subsequently initiated this action under 42 U.S.C. § 1983, claiming that its loan application was denied on the basis of gender in violation of the Equal Protection Clause of the Fourteenth Amendment. In support of this claim, CTE alleges that only three percent of the loans issued under the Linked Deposit Program in 2012 were made to female-owned business. CTE also alleges that "similarly situated small businesses owned by non minority loan applicants have been approved by the Treasurer's Office."

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss CTE's Amended Complaint for failure to state a claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint does not have to present "detailed factual allegations,"

but it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff. *See Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012). Legal conclusions and bare recitations of the elements of a cause of action, however, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 679-80.

Defendants argue that CTE's allegation of disparate impact, the only well-pleaded factual allegation that supports CTE's claim of gender discrimination, is not sufficient to state a plausible claim under section 1983. The familiar *McDonnell Douglas* burden-shifting analysis generally applies to this claim. *See, e.g.*, *Allen v. City of Pocahontas, Ark.*, 340 F.3d 551, 557-58 (8th Cir. 2003). However, "a plaintiff need not plead facts establishing a prima facie case of discrimination under *McDonnell Douglas* in order to defeat a motion to dismiss." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510-11 (2002)). Nonetheless, a discrimination claim is still subject to the "the ordinary rules for assessing the sufficiency of a complaint," which require consideration of whether the complaint sets forth factual allegations "that raise a right to relief above the speculative level." *Id.* at 1014-15 ("In *Twombly,* the Supreme Court stated that *Swierkiewicz* did not change the law of pleading. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007)).

3

Thus, CTE's conclusory allegation that similarly situated, non-minority owned businesses received loans under the Linked Deposit Program is not sufficient to state a plausible claim for gender discrimination. This assertion is a mere recitation of the bare elements of such a claim and fails to raise CTE's right to relief above the speculative level. *See Hager*, 735 F.3d at 1015 ("Hager does not state a § 1983 claim for gender discrimination. . . . Hager's conclusory assertion that she was discharged under circumstances similarly situated men were not imports legal language couched as a factual allegation and fails to raise a right to relief above the speculative level."); *Keevan v. Smith*, 100 F.3d 644, 647-48 (8th Cir. 1996) ("To establish a gender-based claim under the Equal Protection Clause, the appellants must, as a threshold matter, demonstrate that they have been treated differently by a state actor than others who are similarly situated simply because appellants belong to a particular protected class."). The absence of any well-pleaded allegation of a similarly situated business receiving a loan is fatal to CTE's claim. *See Hager*, 735 F.3d at 1015; *Keevan*, 100 F.3d at 648 ("Absent a threshold showing that she is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." (quotation omitted)).

CTE's allegation of disparate impact fails to correct this deficiency. CTE alleges that female-owned businesses received only three percent of the total loans issued under the Linked Deposit Program in 2012. However, CTE does not provide any further context or allegations that might suggest that this disparate impact is the result of purposeful discrimination, let alone that a discriminatory animus motivated the specific denial of CTE's application. CTE's allegation of disparate impact, without more, thus

fails to state a claim under the Equal Protection Clause. *See, e.g.*, *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987) ("[A]n official act is not unconstitutional solely because it has a racially disproportionate impact. . . . Thus, appellant's allegation that MSP's employment practices and procedures have a discriminatory impact on black inmates fails to state a cause of action under the Equal Protection Clause, . . . ."); *Cummings v. McCarter*, 826 F. Supp. 299, 302 (E.D. Mo. 1993) ("To the extent Cummings is making a claim based on disparate impact, he has failed to state a claim under § 1983 because violation of that statute requires intentional discrimination.").

The bulk of CTE's Amended Complaint and brief in opposition to Defendants' motion to dismiss is devoted to whether Ring correctly determined that CTE is a real estate holding company. Even assuming that Ring's decision was incorrect and that CTE's loan application should not have been denied, this is insufficient to state a claim under the Equal Protection Clause.

> The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination.

*Batra v. Bd. of Regents of Univ. of Neb.*, 79 F.3d 717, 721 (8th Cir. 1996) (quoting *Snowden v. Hughes*, 321 U.S. 1, 8 (1944)). In this case, CTE simply presumes that gender motivated the denial of its application without providing any allegations to support such an inference. Consequently, CTE's Amended Complaint fails to state a claim for unlawful discrimination. *See id.* at 722 ("[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination."); *Albright v. Oliver*, 975 F.2d 343,

5

348 (7th Cir. 1992) ("[Y]ou must be singled out because of your membership in the [protected] class, and not just be the random victim of governmental incompetence.").

## III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss, [Doc. # 15], is GRANTED, and this case is DISMISSED, without prejudice.

/s Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 31, 2014
Jefferson City, Missouri